IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILBERT NORWOOD STARKS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | No. 3:20-cv-03543-G (BT) |
| § | | |
| WADE GENT, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wilbert Norwood Starks brings this *pro se* civil action under 42 U.S.C. § 1983. *See* Compl. (ECF No. 3). The Court granted Starks leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. (ECF No. 10). For the reasons stated, the Court should dismiss this civil action under Rule 41(b) of the Federal Rules of Civil Procedure or, in the alternative, under 28 U.S.C. § 1915(e)(2)(B), and deny any pending motions as moot.

I.

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the

1

court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Starks has failed to comply with two orders to file his civil rights claims on the appropriate form.

At the time this lawsuit was filed on December 2, 2020, Starks did not pay the filing fee or file a motion to proceed *in forma pauperis* in this case. He also did not file his civil rights claims on the proper form. Accordingly, on December 4, 2020, the Court sent Starks a Notice of Deficiency and Order (ECF No. 6), which ordered him to pay the filing fee or file a motion to proceed *in forma pauperis* and to submit his claims on the court-approved civil rights form. The Order informed Starks that failure to respond and cure the deficiencies within 30 days could result in a recommendation that his case be dismissed.

On December 14, 2020, the Court received Starks's amended complaint, but it was not on the appropriate form.[1] Thus, on December 16, 2020, the Court sent Starks a second Notice of Deficiency and Order (ECF No. 11), which again ordered him to file his civil rights claims on the appropriate form. The Order informed Starks that failure to respond and cure the deficiencies within 30 days could result in a recommendation that his case be dismissed.

---

[1] On the same day, the Court received Starks' motion to proceed *in forma pauperis*, and it was granted.

On December 17, 2020 the Court received Starks' second amended complaint, but it was not on the appropriate form. And on January 11, 2021, the Court received four additional amended complaints from Starks, but none of those pleadings was filed on the appropriate form. More than 30 days have passed since the second Notice of Deficiency and Order, and Starks has failed to cure the deficiencies identified by the Court.

Starks has failed to obey two court orders and file his claims using the approved civil rights form the Court requires to screen *pro se* lawsuits. Therefore, his case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

II.

In the alternative, the case should also be dismissed under 28 U.S.C. § 1915(e). Under § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As best the Court understands his pleadings, Starks contends that he is the owner of certain real property located in Navarro County, Texas (the "Property"), and he claims that Defendants—attorneys Wade Gent and Paul E. Fulbright, Navarro County Tax Assessor-Collector Mike Dowd, and Navarro County Judges James E. Lagomarsino and Gene Knize—conspired to commit fraud and to violate his constitutional rights by accepting his tax payments and failing to apply those payments to his account.[2] Starks appears to allege that the Navarro County Tax Assessor-Collector wrongfully pursued him for unpaid taxes owed on the Property from 2015 through 2019. Starks claims that he made direct payments to the Navarro County Tax Office in the form of two checks totaling over $8,700.00, and he had $364.00 taken via his bank debit card. He also made payments pursuant to payment plan where he sent a $200 money order to Defendant Gent's office, every month for 23 months.

During the last week of February 2020, Starks stopped by the Navarro County Tax Office to pay his property taxes in person. At that time, a clerk told him they had shut down their computers, and he would need to come back another time

---

[2] The Court liberally construes Starks' complaint with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

4

to conduct business. Starks alleges that approximately ten days later, all Navarro County courts and tax offices closed due to the COVID-19 pandemic. Thereafter, Gent "illegally" filed a lawsuit against him in Navarro County District Court to collect unpaid taxes due on the Property. Starks subsequently filed a motion for discovery, which the Court allegedly set for an in-person hearing on October 21, 2020. But then, the court changed the setting to a virtual hearing over Zoom. Starks claims that he experienced technical problems that precluded him from participating in the hearing. Starks alleges that he later received a copy of the judgment entered against him on October 30, 2020 by Judge Knize.

Starks filed this § 1983 lawsuit on December 2, 2020, seeking to "void the Judgment issued on October 30, 2020." However, Starks is not entitled to review of a state court's judgment in this Court. *See Mosley v. Bowie Cty. Texas*, 275 F. App'x 327, 329 (5th Cir. 2008) (a federal plaintiff's § 1983 claims that collaterally attack as void a state court judgment are barred because the claims invite federal court review of the state court's judgment); *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (litigants who are unsuccessful in state court "may not obtain review of state court actions by filing those complaints about those actions in lower federal courts cast in the form of civil rights suits.") (citation omitted); *see also Spencer v. Wilson*, 2020 WL 822096, at *4 (S.D. Tex. Feb. 18, 2020) ("If a federal plaintiff's alleged injury arises from an 'allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision,' then *Rooker-Feldman* bars the federal court's jurisdiction.") (quotation omitted).

Starks's lawsuit arises out of his dissatisfaction with the proceedings in the 13th District Court in Navarro County, Texas and the judgment entered against him by Judge Knize. The finality of those state proceedings implicates the application of the *Rooker-Feldman* doctrine, which requires dismissal of Starks's claims. "Absent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). The *Rooker-Feldman* doctrine is "narrow" in scope, and it only applies where a plaintiff seeks the "review and rejection" of a state court judgment. *Saloom v. Texas Dept. of Family and Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014) (per curiam) (quoting *Exxon Mobile Corp. v. Sau Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Here, Starks is specifically attacking the validity of the judgment of the 13th District Court in Navarro County, Texas, a state court. The Court finds that this lawsuit is precluded by the *Rooker-Feldman* doctrine. Accordingly, Stark's claims should be dismissed.

## Conclusion

The Court should DISMISS Starks' civil action without prejudice under Rule 41(b) or DISMISS it under 28 U.S.C. § 1915(e)(2)(B) as barred by the *Rooker-Feldman* doctrine. The Court also should deny any pending motions as moot.

February 2, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).